**EXHIBIT A**

Case 8:25-cv-01062-DOC-KES   Document 1-1   Filed 05/16/25   Page 2 of 16   Page ID #:16

Electronically Filed by Superior Court of California, County of Orange, 04/15/2025 01:50:00 PM.
30-2025-01474143-CU-PO-NJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By A. Wilcher, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JP Morgan Chase Bank, National Association, an out of state stock corporation, and Does 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Aeli C. Hartmann, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court (North Justice Center)
1275 N. Berkeley Ave., Fullerton, CA 92838

**CASE NUMBER:**
*(Número del Caso):*
30-2025-01474143-CU-PO-NJC

Assigned for All Purposes
Judge Donald F. Gaffney

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles A. Swartz, Esq., Cornman & Swartz, 2601 Main Street, Suite 1300, Irvine, CA 92614; (949) 261-7669

**DATE:** 04/15/2025
*(Fecha)*

**Clerk, by** *Alexis Wilcher* A. Wilcher, **Deputy**
*(Secretario)* *(Adjunto)*

DAVID H. YAMASAKI, Clerk of the Court

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* JP Morgan Chase Bank, National Association, an out of state stock corporation
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Form Unknown 415.95
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.JuriSearch.com

Case 8:25-cv-01062-DOC-KES Document 1 Filed 05/16/25 Page 3 of 16 Page ID #:7

Electronically Filed by Superior Court of California, County of Orange, 05/09/2025 05:37:51 PM.
30-2025-01474143-CU-PO-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By M. Diaz, Deputy Clerk.

CORNMAN & SWARTZ
Charles A. Swartz, Esq., SBN 132229
2601 Main Street, Suite 1300
Irvine, CA 92614
(949) 261-7669

Attorneys for Plaintiffs Aeli C. Hartmann

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

NORTH
(CENTRAL JUSTICE CENTER)
md

| | |
|---|---|
| Aeli C. Hartmann, an individual, | Case No. 30-2025-01474143-CU-PO-NJC |
| Plaintiffs, | COMPLAINT |
| v. | |
| JP Morgan Chase Bank, National Association, an out of state stock corporation, and Does 1-10, inclusive, | Assigned for all purposes: Judge Donald F. Gaffney |
| Defendants, | |

Aeli C. Hartmann, alleges as follows:

1. At all times relevant herein, Aeli C. Hartmann is an individual who is a resident of Orange County, California.

2. At all times relevant herein, JP Morgan Chase Bank, National Association ("Chase Bank") is a national bank with branches all over California and the United States.

1

COMPLAINT

3. In or about 2016, Aeli C. Hartmann ("Hartmann") opened a checking account at Chase Bank at her local branch in Irvine, California.

4. In or about 2022, Hartmann who was a nurse practitioner opened a medical clinic call Mind & Body Health LLC. Hartmann had an employee by name of Evan Beecher ("Beecher") who was her assistant. Beecher had access to Hartmann's bank account information and helped her pay bills and perform other functions.

5. In December of 2022, Hartmann became suspicious of Beecher and suspected that he might be steeling from her. On December 23, 2022, Hartmann went into her local Chase Bank branch and met with Chase Bank employee Khodeja Salam. She reported to Khodeja Salam that she suspected that Beacher might be stealing from her and she wanted to protect her account from him. Hartmann explained the situation and Hartmann wanted assurances that Beecher would not be able to access her account and steal from her. Hartmann was at the branch for at least one hour. During that time, Hartmann became award that employee Salam spoke to several other departments, including what Hartmann understood was the Fraud Department. By the time the meeting was concluded, employee Khodeaja advised Hartmann that her account was now blocked and that no one could withdraw or deposit money from the account.

6. On or about April 19, 2023, Hartmann discovered that her account had been further compromised. At this point, Hartmann was referred to the manager of the branch who advised her that the only way to secure her account was to close it and open a new account. From December 23, 2022 to April 19, 2023, Hartmann lost approximately $103,000 from her account.

COMPLAINT

## FIRST CAUSE OF ACTION

### (NEGLIGENT MISREPRESENTATION)

(Against Defendant Chase Bank and Does 1 to 10)

7. Plaintiffs re-allege and incorporate by reference, as though fully set forth, paragraphs 1 through 6 of this Complaint.

8. In December of 2022, Hartmann became suspicious of Beecher and suspected that he might be steeling from her. On December 23, 2022, Hartmann went into her local Chase Bank branch and met with Chase Bank employee Khodeja Salam. She reported to Khodeja Salam that she suspected that Beacher might be stealing from her and she wanted to protect her account from him. Hartmann explained the situation and Hartmann wanted assurances that Beecher would not be able to access her account and steal from her. Hartmann was at the branch for at least one hour. During that time, Hartmann became award that employee Salam spoke to several other departments, including what Hartmann understood was the Fraud Department. By the time the meeting was concluded, employee Khodeaja advised Hartmann that her account was now blocked and that no one could withdraw or deposit money from the account.

9. On or about April 19, 2023, Hartmann discovered that her account had been further compromised. At this point, Hartmann was referred to the manager of the branch who advised her that the only way to secure her account was to close it and open a new account. From December 23, 2022 to April 19, 2023, Hartmann lost approximately $103,000 from her account.

10. Employee Khodeja assured Hartmann that based on the steps she had taken, her account was protected and her funds could not be accessed by Beecher.

11. The representations made by Chase Bank employee Khodeja were in fact false.

3

COMPLAINT

12. Chase Bank employee Khodeja made the representations with no reasonable grounds to believe that the statements were true.

13. The statements made by Chase Bank employee Khodeja were intended to induce Hartmann to rely on them.

14. Hartman and Mind Body did in fact rely on the false statements.

15. Hartman was harmed by the reliance.

16. Hartmann's reliance on the false statements were a substantial factor in causing the harm she suffered.

17. As a result, Hartmann suffered damages according to proof but in an amount believed to be at least 103.000.00.

## SECOND CAUSE OF ACTION
## (NEGLIGENCE)
## (Against ALL Defendants)

18. Cross-complainants re-allege and incorporate by reference, as though fully set forth, paragraphs 1 through 17 of this Complaint.

19. In December of 2022, Hartmann became suspicious of Beecher and suspected that he might be steeling from her. On December 23, 2022, Hartmann went into her local Chase Bank branch and met with Chase Bank employee Khodeja Salam. She reported to Khodeja Salam that she suspected that Beacher might be stealing from her and she wanted to protect her account from him. Hartmann explained the situation and Hartmann wanted assurances that Beecher would not be able to access her

4

COMPLAINT

account and steal from her. Hartmann was at the branch for at least one hour. During that time, Hartmann became award that employee Salam spoke to several other departments, including what Hartmann understood was the Fraud Department. By the time the meeting was concluded, employee Khodeaja advised Hartmann that her account was now blocked and that no one could withdraw or deposit money from the account.

20. On or about April 19, 2023, Hartmann discovered that her account had been further compromised. At this point, Hartmann was referred to the manager of the branch who advised her that the only way to secure her account was to close it and open a new account. From December 23, 2022 to April 19, 2023, Hartmann lost approximately $103,000 from her account.

21. 621 W. 19th Street breached its duty to Plaintiffs by failing provide premises suitable for the intended purpose and to repair the premises when notified by Plaintiffs of issues with the premises rendering the premises not suitable for the intended purpose.

22. Chase Bank had a duty to Hartmann to protect her assets from theft.

23. Instead of advising Hartmann to close her account when she first advised Chase Bank of her concerns, Chase Bank advised Hartmann to "lock" her account.

24. Chase Bank's advise to Hartmann was negligent.

25. As a proximate result of Chase Bank's breach of duty, Hartmann suffered damages according to proof.

PRAYER:

ON ALL CAUSES OF ACTION:

5

COMPLAINT

1. Compensatory damages in an amount to be proven according to proof but believed to be not less than $103,000.00;
2. Attorney's fees;
3. Interest at the maximum legal rate on all monies found due;
4. For costs;
5. For such other and further relief as this Court may deem just and proper.

ON THE FIRST AND SECOND CAUSES OF ACTION:

1. Compensatory damages in an amount to be proven according to proof but believed to be not less than $103,000.00;
2. Punitive damages;
3. Attorney's fees;
4. Interest at the maximum legal rate on all monies found due;
5. For costs;
6. For such other and further relief as this Court may deem just and proper.

Dated: April 3, 2025                              CORNMAN & SWARTZ

By _____
CHARLES A. SWARTZ, Attorneys for
Plaintiff Aeli C. Hartmann

COMPLAINT

Case 8:25-cv-01062-DOC-KES   Document 1-1   Filed 05/16/25   Page 9 of 16   Page ID #:13

Electronically Filed by Superior Court of California, County of Orange, 04/09/2025 05:17:25 PM.
30-2025-01474143-CU-PO-NJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By M. Diaz, Deputy Clerk.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Charles A. Swartz, Esq., Cornman & Swartz<br>2601 Main Street, Suite 1300<br>Irvine, CA 92614<br>TELEPHONE NO.: (949) 261-7669   FAX NO.:<br>ATTORNEY FOR (Name): Aeli C. Hartmann | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: North Justice Center
MAILING ADDRESS: 1275 North Berkeley Avenue    md
CITY AND ZIP CODE: Fullerton, CA 92832
BRANCH NAME:

CASE NAME: Aeli C. Hartmann v. JP Morgan Chase Bank

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>30-2025-01474143-CU-PO-NJC |
|---|---|---|
| ✔ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Assigned for all purposes:<br>DEPT: Judge Donald F. Gaffney |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ✔ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✔ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action (specify): Two
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 9, 2025

Charles A. Swartz
(TYPE OR PRINT NAME)                                           ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.jurisearch.com

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 1275 N. Berkeley Ave<br>MAILING ADDRESS: 1275 N. Berkeley Ave<br>CITY AND ZIP CODE: Fullerton 92838<br>BRANCH NAME: North Justice Center | **FOR COURT USE ONLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLANTIFF: Aeli C. Hartmann | |
| DEFENDANT: JP Morgan Chase Bank, National Association | **Apr 10, 2025**<br>Clerk of the Court<br>By: M. Diaz, Deputy |
| Short Title: HARTMANN VS. JP MORGAN CHASE BANK, NATIONAL ASSOCIATION | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2025-01474143-CU-PO-NJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>09/09/2025</u> at <u>09:00:00 AM</u> in Department <u>N16</u> of this court, located at <u>North Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court, By: _____, Deputy

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE |
|---|
| North Justice Center<br>1275 N. Berkeley Ave<br>Fullerton  92838 |

| SHORT TITLE: HARTMANN VS. JP MORGAN CHASE BANK, NATIONAL ASSOCIATION |
|---|

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2025-01474143-CU-PO-NJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Fullerton , California, on 04/10/2025. Following standard court practice the mailing will occur at Sacramento, California on 04/11/2025.

Clerk of the Court, by: _____ , Deputy

CORNMAN & SWARTZ
2601 MAIN STREET # 1300
IRVINE, CA 92614

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. Oct. 2014)                                                                                                                   Page 2 of 4

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

>   **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
>   **Cases for Which Arbitration May <u>Not</u> Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

>   **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
>   **Cases for Which Mediation May <u>Not</u> Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*:               Bar No: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** <br> **JUSTICE CENTER:** <br> ☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045 <br> ☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512 <br> ☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595 <br> ☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
   ☐ Under section 1141.11 of the Code of Civil Procedure
   ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____  _____  _____
         (SIGNATURE OF PLAINTIFF OR ATTORNEY) (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____  _____  _____
         (SIGNATURE OF DEFENDANT OR ATTORNEY) (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                        California Rules of Court, rule 3.221
L1270 (Rev. July 2014)